**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 113294

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Anthony Heaton and Brian Carrick, | Docket No: |
| Plaintiffs, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| American Coradius International, LLC, | |
| Defendant. | |

Anthony Heaton and Brian Carrick (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against American Coradius International, LLC (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Anthony Heaton is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Brian Carrick is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant American Coradius International, LLC, is a New York Limited Liability Company with a principal place of business in ERIE County, New York.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff Anthony Heaton, Defendant contacted Plaintiff Heaton by letter ("the Heaton Letter") dated February 8, 2017. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Carrick, Defendant contacted Plaintiff Carrick by letter ("the Letter") dated February 8, 2017. ("**Exhibit 1**.")

17. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. § 1692e
### AS TO BOTH PLAINTIFFS

18. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

19. The respective Debts were each incurred on a PayPal Credit account underwritten by WebBank.

20. The Heaton Letter sets forth an "Account Balance" of $3,093.40.

21. The Carrick Letter sets forth an "Account Balance" of $4,818.18.

22. Pursuant to the terms and conditions of the credit accounts, WebBank charged Plaintiffs interest on any balances carried on the accounts.

23. Pursuant to the terms and conditions of the credit accounts, WebBank charged Plaintiffs late fees on any payments due but not timely made by Plaintiffs.

24. Pursuant to the terms and conditions of the credit accounts, WebBank charged Plaintiffs other fees on the accounts.

25. The right to collect from Plaintiffs interest on any balance carried on the accounts was not waived by WebBank.

26. The right to collect from Plaintiffs late fees on any payments due but not timely made by Plaintiffs was not waived by WebBank.

27. The right to collect from Plaintiffs other fees on the accounts was not waived by WebBank.

28. The right to collect from Plaintiffs interest on any balances carried on the accounts was not waived by any assignees or successors-in-interest.

29. The right to collect from Plaintiffs late fees on any payments due but not timely made by Plaintiffs was not waived by any assignees or successors-in-interest.

30. The right to collect from Plaintiffs other fees on the accounts was not waived by any assignees or successors-in-interest.

31. Plaintiffs were never informed by anyone that the terms and conditions of their credit accounts were changed.

32. Pursuant to the terms and conditions of the credit accounts, interest continued to accrue on any balances unpaid.

33. Pursuant to the terms and conditions of the credit accounts, late fees continued to accrue on any payments due but not timely made by Plaintiffs.

34. Pursuant to the terms and conditions of the credit accounts, other fees continued to accrue on the accounts.

35. Pursuant to the terms and conditions of the credit accounts, WebBank and any

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

assignees or successors-in-interest had the legal right to collect from Plaintiffs interest on any balances carried on the accounts.

36. Pursuant to the terms and conditions of the credit accounts, WebBank and any assignees or successors-in-interest had the legal right to collect from Plaintiffs late fees on any payments due but not timely made by Plaintiffs.

37. Pursuant to the terms and conditions of the credit accounts, WebBank and any assignees or successors-in-interest had the legal right to collect from Plaintiffs other fees on the accounts.

38. Pursuant to the terms and conditions of the credit accounts, the legal right of WebBank and any assignees or successors-in-interest to collect from Plaintiffs interest on any balances carried on the accounts is not waived by WebBank or any assignees or successors-in-interest as a result of a failure by either WebBank or any assignees or successors-in-interest at any point in time to attempt to collect from Plaintiffs the aforementioned interest.

39. Pursuant to the terms and conditions of the credit accounts, the legal right of WebBank and any assignees or successors-in-interest to collect from Plaintiffs late fees on any payments due but not timely made by Plaintiffs is not waived by WebBank or any assignees or successors-in-interest as a result of a failure by either WebBank or any assignees or successors-in-interest at any point in time to attempt to collect from Plaintiffs the aforementioned late fees.

40. Pursuant to the terms and conditions of the credit accounts, the legal right of WebBank and any assignees or successors-in-interest to collect from Plaintiffs other fees on the accounts is not waived by WebBank or any assignees or successors-in-interest as a result of a failure by either WebBank or any assignees or successors-in-interest at any point in time to attempt to collect from Plaintiffs the aforementioned other fees.

41. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their accounts balance, to disclose that the balances may increase due to interest and fees.

42. The Letters failed to disclose that the balances stated may increase due to interest.

43. The Letters failed to disclose that the balances stated may increase due to late fees.

44. The Letters failed to disclose that the balances stated may increase due to other fees.

45. The Letters, because of the aforementioned failures, violate 15 U.S.C. § 1692e.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e
## AS TO BOTH PLAINTIFFS

46. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

47. As previously set forth, the Heaton Letter sets forth an "Account Balance" of $3,093.40.

48. As previously set forth, the Carrick Letter sets forth an "Account Balance" of $4,818.18.

49. As previously set forth, Plaintiffs were always charged interest on any balances carried on the accounts.

50. As previously set forth, Plaintiffs were always charged late fees on any payments due but not timely made by Plaintiffs.

51. As previously set forth, Plaintiffs were never informed by anyone that the terms and conditions of the credit accounts were changed.

52. The Letters fail to disclose whether the amounts stated may increase due to additional interest.

53. The Letters fail to disclose whether the amount stated may increase due to additional late fees.

54. The Letters fail to indicate whether the creditor will accept payment of the amounts stated in full satisfaction of the debts if payment is made by a specified date.

55. The Letters fail to provide information that would allow Plaintiffs to determine what Plaintiffs will need to pay to resolve their debts at any given moment in the future.

56. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debts at any given moment in the future.

57. The Letters fail to provide information that would allow the least sophisticated consumer to determine the amounts of interest owed.

58. For instance, the Letters fail to indicate the applicable interest rates.

59. For instance, the Letters fail to indicate the dates of accrual of interest.

60. For instance, the Letters fail to indicate the amounts of interest during any

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

measurable period.

61. The Letters fail to provide information that would allow the least sophisticated consumer to determine the amounts of late fees owed.

62. For instance, the Letters fail to indicate the amounts of late fees.

63. For instance, the Letters fail to indicate the dates such fees will be added.

64. For instance, the Letters fail to indicate the amounts of late fees during any measurable period.

65. The Letters fail to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amounts stated to increase.

66. The Letters fail to state whether interest, late fees and/or other fees are accruing.

67. The Letters fail to state what parts of the amounts stated are attributable to principal.

68. The Letters fail to state what parts of the amounts stated are attributable to interest.

69. The Letters fail to state what parts of the amounts stated are attributable to late fees.

70. The Letters fail to state what parts of the amounts stated are attributable to other fees.

71. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amounts owed at the time of the Letters.

72. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debts at any given moment in the future.

73. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

74. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

75. The Letters include settlement offers.

76. The Letters fail to indicate whether the amounts stated may increase due to additional interest if the settlements are not accepted.

77. The Letters fail to indicate whether the amounts stated may increase due to additional late fees if the settlements are not accepted.

78. The Letters fail to state whether the settlement offers, if accepted, will fully resolve the Debts.

79. Conversely, the Letters state, "[u]pon clearance of your payment, we will notify our client so they can update their records accordingly."

80. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

81. The Letters, because of the aforementioned failures, and because interest and late fees were always charged on the accounts and Plaintiffs were never informed by anyone that interest and late fees would no longer be applied, can reasonably be read by the least sophisticated consumer to mean that interest was still accruing.

82. The Letters, because of the aforementioned failures, and because interest and late fees were always charged on the accounts and Plaintiffs were never informed by anyone that interest and late fees would no longer be applied, can reasonably be read by the least sophisticated consumer to mean that late fees were still accruing.

83. The Letters could also reasonably be read by the least sophisticated consumer to mean that interest was no longer accruing.

84. The Letters could also reasonably be read by the least sophisticated consumer to mean that late fees were no longer accruing.

85. The Letters could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amounts stated.

86. The Letters could reasonably be read by the least sophisticated consumer to mean that the debts could be satisfied in full by payment of the amounts stated at any time after receipt of the Letter.

87. The Letters could also reasonably be read by the least sophisticated consumer to mean that the amounts stated were accurate only on the dates of the Letters because of the continued accumulation of interest and/or late fees.

88. The Letters could reasonably be read by the least sophisticated consumer to mean

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

that interest and/or late fees would continue to accrue on the debts if the settlement offers were not accepted.

89. The Letters could also reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would not re-commence on the debts if the settlements offers were not accepted.

90. The Letters could reasonably be read by the least sophisticated consumer to mean that if the settlement offers were accepted, the accounts would merely be brought up-to-date, with the remaining balance continuing to accrue interest and fees.

91. The Letters could also reasonably by read by the least sophisticated consumer to mean that if the settlement offers were accepted, the accounts would be fully resolved.

92. Because the least sophisticated consumer would not know whether, if the settlements were not accepted, interest and fees would re-commence or whether the amounts of the debts were static, the consumer's ability to respond to the settlement offers is negatively affected.

93. Because the least sophisticated consumer would not know whether, if the settlements were not accepted, interest and fees would re-commence or whether the amounts of the debts were static, the consumer would be unable to determine the actual value of Defendant's settlement offers.

94. Because the least sophisticated consumer would not know whether, if the settlement offers were accepted, the accounts would be fully resolved or merely brought up-to-date, the consumer would be further unable to determine the actual value of Defendant's settlement offers.

95. Because the Letters can reasonably be read by the least sophisticated consumer to have two or more meanings, at least one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

96. For these reasons, Defendant violated 15 U.S.C. § 1692e.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### AS TO BOTH PLAINTIFFS

97. Plaintiffs repeats and realleges the foregoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

98. Alternatively, even if Plaintiffs' accounts were not subject to continued interest pursuant to the terms and conditions of the credit accounts – which they were – the accounts were subject to interest by operation of law.

99. Plaintiffs' debts were incurred pursuant to respective contract between Plaintiffs and WebBank.

100. N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

101. An award of interest under § 5001 is mandatory.

102. N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

103. WebBank and any assignees or successors-in-interest possessed a guaranteed right to interest on the Debts from, at the latest, February 8, 2017.

104. As such, the amounts stated in the Letters were subject to the accrual of interest.

105. The Letters failed to disclose that the amounts stated may increase due to interest.

106. The Letters, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

## JURY DEMAND

107. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Damages against Defendant in favor of Plaintiff Heaton pursuant to 15 U.S.C. § 1692k; and

b. Damages against Defendant in favor of Plaintiff Carrick pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiffs' costs; all together with

e. Such other relief that the Court determines is just and proper.

DATED: February 8, 2018

                                      **BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 113294